UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAMAR DANIELS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:15-CV-626 WL |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Ramar Daniels, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 15-09-276) held at the Westville Correctional Facility on September 22, 2015. The Disciplinary Hearing Officer (DHO) found him guilty of Intimidation/Threatening in violation of B-213 and sanctioned him with the loss of 40 days earned credit time. In the petition, Daniels raises two grounds.

In Ground One, he argues that there was insufficient evidence to have found him guilty because the video did not show that he "ball[ed] up his fists and stepp[ed] toward" the reporting officer as the conduct report stated. DE 2-1 at 1. In evaluating whether there was adequate evidence to support a finding of guilt in a prison disciplinary proceeding, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Here, the Video Report documents that there was sufficient evidence to have found that Daniels Intimidated Officer Mercaldo. It states:

> Daniels appears to lean towards Officer Mercaldo during the discussion. Daniels walks away from Officer Mercaldo and she is then seen on the two way radio. Again a discussion is seen between Officer Mercaldo and Daniels in which other offenders start to gather around and interject themselves into the discussion. Daniels starts to get agitated and Officer Mercaldo appears to place her finger on the two way radio emergency button.

DE 2-1 at 4. Though the DHO could have reached a different conclusion, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Officer Mercaldo wrote the Conduct Report only hours after those events. DE 2-1 at 1. Based on her report and the video evidence, it was not arbitrary for the DHO to have found that Daniels had an agitated discussion with Officer Mercaldo which caused her to place her finger on the emergency call button because she was intimidated by him. Therefore Ground One is not a basis for habeas corpus relief.

In Ground Two, Daniels argues that the DHO was biased because he found him guilty even though he did not report seeing Daniels ball his fists and step toward Officer Mercaldo in the video.

> An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff*, 418 U.S. at 571. But "the constitutional standard for impermissible bias is high," *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption of "honesty and integrity" absent clear evidence to the contrary, *see Withrow v. Larkin*, 421 U.S. 35, 47 (1975).

*Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (parallel citations omitted). Here, the Video Report does not say that Daniels kept his hands open. An inconclusive video is not evidence of bias. Whether Daniels took a step or merely leaned is a distinction without a difference. Perhaps the position of his feet were unclear on the video. Perhaps Officer Mercaldo was mistaken about

2

whether Daniels moved a foot while his upper body was moving closer to her. Either way, it was neither arbitrary nor biased for the DHO to have concluded that the movement of his body was intimidating.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case.

SO ORDERED. ENTERED:

October 25, 2016

                                         s/William C. Lee
                                         William C. Lee, Judge
                                         United States District Court